OPINION
 

 Per Curiam:
 

 Appellants (“The Valentines”), on behalf of their son, brought this action in negligence and strict liability for ultrahazardous activity in the state district court. The Valentines asserted that the
 
 *1109
 
 respondent (“Pioneer”) released liquified chlorine or chlorine gas into the environment, thereby injuring their son. Pioneer removed the action to the United States District Court for the District of Nevada. Pursuant to Federal Rules of Civil Procedure 12(b)(6), Pioneer then moved to dismiss the Valentines’ cause of action in strict liability for failure to state a claim upon which relief could be granted.
 

 The federal district court, pursuant to NRAP 5, certified two questions to this court, phrased as follows:
 

 (1) Whether the State of Nevada recognizes that one who carries on an abnormally dangerous activity is subject to liability for harm to the person, land or chattels of another resulting from the activity, although he has exercised the utmost care to prevent the harm; and,
 

 (2) Whether the operation of a facility engaged in the manufacture, storage, and control of certain chemical products, namely liquified chlorine and chlorine gas, constitutes an abnormally dangerous activity.
 

 Nevada recognizes the doctrine of strict tort liability for defective products.
 
 See, e.g.,
 
 Outboard Marine Corp. v. Schupbach, 93 Nev. 158, 561 P.2d 450 (1977) (manufacture of an electric utility cart); Worrell v. Barnes, 87 Nev. 204, 484 P.2d 573 (1971) (installation of a residential gas line into a previously existing gas system); Ginnis v. Mapes Hotel Corp., 86 Nev. 408, 470 P.2d 135 (1970) (manufacture of automatic doors); Shoshone Coca-Cola Bottling Co. v. Dolinski, 82 Nev. 439, 420 P.2d 855 (1966). However, this court has not yet decided whether strict liability should also extend to abnormally dangerous activities.
 

 The doctrine of strict liability for ultrahazardous or abnormally dangerous activities was first articulated in Rylands v. Fletcher, L.R. 3 H.L. 330 (1868). In
 
 Rylands,
 
 the defendant built a water reservoir on his property above abandoned mine shafts. The water burst through into one of the shafts and flooded the plaintiff’s coal mine. Although the defendant was unaware of the shafts and was found not negligent, the English House of Lords nonetheless concluded that the defendant was liable, stating:
 

 If the Defendants . . . had desired to use . . . [their land] for any purpose which I may term a non-natural use . . . and if in consequence of their doing so, or in consequence of any imperfection in the mode of their doing so, the water came to escape . . . , that which the Defendants were doing they were doing at their own peril; and, if in the course of their
 
 *1110
 
 doing it, the evil arose . . . , then for the consequence of that, in my opinion, the Defendants would be liable.
 

 Id.
 
 at 339.
 

 The doctrine of
 
 Rylands
 
 has been explained and codified in the Restatement (Second) of Torts, section 519 (1977): “One who carries on an abnormally dangerous activity is subject to liability for harm to the person, land or chattels of another resulting from the activity, although he has exercised the utmost care to prevent the harm.”
 

 In response to the first question certified to this court, we now adopt the
 
 Rylands
 
 doctrine of strict liability as articulated in section 519 of the Restatement (Second) of Torts. Such a holding is consistent with our reasoning in strict products liability cases.
 

 Section 520 of the Restatement (Second) of Torts sets forth six factors relevant to a determination of whether an activity is abnormally dangerous: (a) existence of a high degree of risk of some harm to the person, land or chattels of others; (b) likelihood that the harm that results from it will be great; (c) inability to eliminate the risk by the exercise of reasonable care; (d) extent to which the activity is not a matter of common usage; (e) inappropriateness of the activity to the place where it is carried on; and (f) extent to which its value to the community is outweighed by its dangerous attributes.
 

 These factors are necessarily fact specific. This court cannot simply decide that if a certain substance, in this case chlorine, is dangerous, an activity involving chlorine is necessarily an “abnormally dangerous activity” as contemplated by section 520. We agree with the approach taken in Erbrich Prod. Co., Inc. v. Wills, 509 N.E.2d 850 (Ind.Ct.App. 1987):
 

 We of course recognize that chlorine gas, in its natural state, is dangerous. However, the fact that chlorine gas is dangerous is not determinative. When deciding whether to impose § 519 liability, we must not look at the abstract propensities or properties of the particular substance involved, but must analyze the defendant’s activity as a whole. If the rule were otherwise, virtually any commercial or industrial activity involving substances which are dangerous only in the abstract automatically would be deemed as abnormally dangerous. This result would be intolerable.
 

 Id.
 
 at 856 (citations omitted);
 
 see also,
 
 Comment, Osborne M. Reynolds, Jr.,
 
 Strict Tort Liability: Has Abnormal Danger Become a Fact?,
 
 34 Okla.L.Rev. 76 (1981).
 

 
 *1111
 
 The sparse record on appeal renders this court ill-equipped to decide whether Pioneer’s activity was abnormally dangerous. A definitive answer by this court to the second certified question would be nothing but a blanket generalization about activities involving liquified chlorine or chlorine gas. We are therefore unable to answer this general question and trust that the federal district court will, upon considering the totality of the evidence, and based on the factors set forth in the Restatement (Second) of Torts at section 520, be in a position to determine whether Pioneer’s activity was “abnormally dangerous.” If the district court determines that Pioneer was engaged in an abnormally dangerous activity, strict liability will obtain. If, however, the district court determines that Pioneer’s activity did not constitute an abnormally dangerous activity, strict liability will not apply.