FILED



**NOT FOR PUBLICATION**

JUL 09 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GCM AIR GROUP, LLC, a Nevada limited liability company, | No. 09-15825 |
| Plaintiff - Appellant, | D.C. No. 3:07-cv-00168-BES-RAM |
| v. | |
| CHEVRON U.S.A., INC., a Pennsylvania corporation, | MEMORANDUM[*] |
| Defendant - Appellee. | |

| | |
|---|---|
| GCM AIR GROUP, LLC, a Nevada limited liability company, | No. 09-16412 |
| Plaintiff - Appellant, | D.C. No. 3:07-cv-00168-BES-RAM |
| v. | |
| CHEVRON U.S.A., INC., a Pennsylvania corporation, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Nevada

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Brian E. Sandoval, District Judge, Presiding

Argued and Submitted June 17, 2010
San Francisco, California

Before: HAWKINS, FISHER, and TYMKOVICH,[**] Circuit Judges.

GCM Air Group, LLC, filed various contract and tort claims against Chevron U.S.A., Inc., regarding contamination and remediation on adjacent properties located in Nevada. The district court exercised jurisdiction pursuant to 28 U.S.C. § 1332. GCM appeals the district court's decisions granting Chevron summary judgment, denying GCM's request for reconsideration, rejecting GCM's motion to certify questions to the Nevada Supreme Court, and awarding Chevron attorneys' fees. We have jurisdiction under 28 U.S.C. § 1291. We affirm in part, reverse in part, and remand for further proceedings consistent with our disposition.

Summary Judgment

With one exception—the trespass claim relating to the adjacent restaurant property—we hold that the district court did not err in granting Chevron summary judgment on GCM's claims.

The record does not demonstrate the elements necessary for GCM to succeed on its negligent misrepresentation, breach of contract, implied covenant of

---

[**] The Honorable Timothy M. Tymkovich, Circuit Judge for the Tenth Circuit, sitting by designation.

good faith and fair dealing, and interference with prospective economic advantage claims. The evidence presented does not show Chevron provided GCM false information or that Chevron had a pecuniary interest in the sale of the properties to GCM. *See Barmettler v. Reno Air, Inc.*, 956 P.2d 1382, 1387 (Nev. 1998) (listing the elements of a negligent misrepresentation claim). Nor did GCM adequately develop a non-disclosure argument. *See Schnelling v. Budd (In re Agribiotech, Inc.)*, 291 F. Supp. 2d 1186, 1190–93 (D. Nev. 2003) (recognizing an omission may form the basis of a negligent misrepresentation claim).

The evidence set forth also fails to demonstrate Chevron breached its agreements with GCM by not satisfying the Washoe County Health Department's remediation requirements. Similarly, the evidence provided does not demonstrate Chevron deliberately delayed the remediation of the properties or that a special element of reliance or fiduciary duty existed in GCM and Chevron's relationship. *See Hilton Hotels Corp. v. Butch Lewis Prods., Inc.*, 808 P.2d 919, 922–23 (Nev. 1991) (discussing the elements of implied covenant of good faith and fair dealing claims brought in contract and tort). Nor does the evidence show Chevron intentionally interfered with GCM's potential sale of the properties. *See M & R Inv. Co., Inc. v. Goldsberry*, 707 P.2d 1143, 1144 (Nev. 1985) ("There can be no doubt that proof of *intentional* interference is a *sine qua non* of the tort [of

interference with prospective economic advantage].” (emphasis in original) (alteration omitted)).

Because GCM’s negligence claim amounts to a claim Chevron failed to remediate in accordance with the terms of the parties’ agreements, and because GCM seeks relief for damages resulting from that alleged failure, the economic loss doctrine bars the claim. *See Terracon Consultants W., Inc. v. Mandalay Resort Grp.*, 206 P.3d 81, 86 (Nev. 2009) (“The economic loss doctrine marks the fundamental boundary between contract law, which is designed to enforce the expectancy interests of the parties, and tort law, which imposes a duty of reasonable care and thereby generally encourages citizens to avoid causing physical harm to others.” (internal quotation marks and alterations omitted)); *see also Giles v. GMAC*, 494 F.3d 865, 876 (9th Cir. 2007) (noting tort claims amounting “to nothing more than a failure to perform a promise contained in a contract” have been barred by the economic loss doctrine).

Regarding GCM’s strict liability claim, because storing gasoline in underground tanks beneath gas stations can be accomplished safely with reasonable care, is commonplace, is of significant utility to the community, and is appropriate in commercial and residential settings, and because nothing in the record demonstrates otherwise, such storage is not an ultra-hazardous activity

subject to strict liability. *See Valentine v. Pioneer Chlor Alkali Co.*, 864 P.2d 295, 297 (Nev. 1993) (providing the factors for determining whether an activity is ultra-hazardous).

Concerning GCM's property damage claims relating to the leased station property, the record demonstrates GCM knew of or reasonably could have learned of sufficient facts supporting those claims when it acquired the properties in 2002. *See Petersen v. Bruen*, 792 P.2d 18, 20 (Nev. 1990) (ruling the statutory period of limitations is tolled "until the injured party discovers or reasonably should have discovered facts supporting a cause of action"). Thus, the claims are barred by the statute of limitations. *See* Nev. Rev. Stat. § 11.220 (providing tort claims concerning property damage must be brought within four years of accrual). To the extent GCM asserts on appeal property damage claims relating to the adjacent restaurant property on appeal, those claims are barred because GCM did not adequately present the argument below that it had additional, separate claims as to the restaurant property. *See F.T.C. v. Neovi, Inc.*, --- F.3d ---, No. 09-55093, 2010 WL 2365956, at *7 n. 7 (9th Cir. June 15, 2010) (stating issues not properly raised in the district court are waived on appeal).

As to GCM's separate trespass claim (Claim 16), whether GCM discovered or should have discovered facts supporting this claim before 2005 is a disputed

5                                                                              09-15825

material fact. *See Siragusa v. Brown*, 971 P.2d 801, 812 (Nev. 1998) (holding the time of accrual may be decided as a matter of law only where uncontroverted evidence demonstrates the plaintiff discovered or should have discovered the injurious conduct). As a result, it cannot be determined on this summary judgment record that this claim is time-barred.

Reconsideration

Because GCM concedes its motion for reconsideration was filed outside of Rule 59(e)'s 10-day window, *see Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001) (providing a motion for reconsideration is treated as a Rule 60(b) motion, unless it is filed within 10 days of the entry of judgment), and the unique circumstances doctrine is inapplicable, *see Wiersma v. Bank of the West (In re Wiersma)*, 483 F.3d 933, 940 (9th Cir. 2007) (stating the doctrine applies only where a court has "explicitly misled" a party), the district court properly treated the motion under Rule 60(b). Further, because GCM's motion merely restated the contentions it set forth in its opposition to summary judgment, our above analysis concerning the district court's summary judgment decision applies equally here. *See* Fed. R. Civ. P. 60(b) (providing grounds for relief).

Certification

The district court did not abuse its discretion by declining to certify several issues to the Nevada Supreme Court. GCM failed to seek alteration or amendment of the district court's judgment on the claims relating to the issues it sought to certify, *see* Nev. R. App. P. 5(a), and the district court properly determined it had adequate guidance concerning how the Nevada Supreme Court would decide the economic loss doctrine and ultra-hazardous liability issues.

Attorneys' Fees

Because the district court will necessarily be required to reevaluate the attorneys' fees award given our disposition, we decline to consider GCM's contentions regarding that award at this juncture.

**AFFIRMED** in part, **REVERSED** in part, and **REMANDED** for further proceedings consistent with this disposition. Each party shall bear its own costs on appeal.

09-15825