# IN THE SUPREME COURT OF THE STATE OF NEVADA

DANIEL SNODGRASS,
Appellant,
vs.
BANGO OIL, LLC, A NEVADA
LIMITED LIABILITY COMPANY,
Respondent.

No. 77652

FILED

JUL 23 2021

ELIZA... ...
CLERK OF SUPREME COURT
BY
DEPUTY CLERK



## ORDER OF AFFIRMANCE

This is an appeal from a district court summary judgment in a tort action. Second Judicial District Court, Washoe County; Kathleen M. Drakulich, Judge.

Respondent Bango Oil owned an oil and asphalt production facility in Fallon, Nevada. In 2010, Bango Oil leased the facility to nonparty Bango Refining NV who operated the refinery from that time forward. Bango Oil is completely unaffiliated with Bango Refining NV (hereafter referred to as the tenant). The lease agreement transferred control and possession of the facility to the tenant with an eventual option to purchase.

Appellant Daniel Snodgrass, an employee of the tenant, was severely injured while working at the refinery when an asphalt flux storage tank exploded. The storage tank explosion occurred when a refinery employee opened a valve in the steam port injection system and allowed steam into a storage tank at the same time that Snodgrass was heating one of the pipes, with a weed wand, that was transferring asphalt flux into that

storage tank. Opening the valve caused a pressure incursion inside the tank. The resultant explosion lead to hot asphalt raining down on Snodgrass, causing severe burns to half of his body and substantially destroying the facility. Snodgrass sued Bango Oil for negligence, gross negligence, premises liability, nuisance, civil conspiracy, abnormally dangerous activity, and punitive damages. The district court granted Bango Oil summary judgment on all of Snodgrass's claims. Snodgrass appeals.

"This court reviews a district court's grant of summary judgment de novo, without deference to the findings of the lower court." *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). Summary judgment is proper if "the pleadings and [all] other evidence on file demonstrate that no 'genuine issue as to any material fact [remains] and that the moving party is entitled to a judgment as a matter of law.'" *Id.* (second alteration in original) (quoting NRCP 56(c)). "A factual dispute is genuine when the evidence is such that a rational trier of fact could return a verdict for the nonmoving party." *Id.* at 731, 121 P.3d at 1031. When reviewing a motion for summary judgment all evidence "must be viewed in a light most favorable to the nonmoving party." *Id.* at 729, 121 P.3d at 1029. However, in order to survive summary judgment the nonmoving party "must, by affidavit or otherwise, set forth specific facts demonstrating the existence of a genuine issue for trial . . . ." *Id.* at 732, 121 P.3d at 1031 (internal quotation marks omitted). He or she cannot "build a case on the gossamer threads of whimsy, speculation, and conjecture." *Id.* (internal quotation marks omitted).

*Summary judgment was appropriate as to Snodgrass's negligence, gross negligence, and premises liability causes of action*

In his complaint, Snodgrass alleged that Bango Oil was negligent in allowing the tenant "to conduct activities at the facility" that created "an unreasonable risk of harm to people" working at the facility. Snodgrass also brought causes of action for gross negligence and premises liability.

In order for Snodgrass to prevail on his negligence and gross negligence causes of action, he must establish, among other things, that Bango Oil owed him a duty of care. *See Sanchez ex rel. Sanchez v. Wal-Mart Stores, Inc.*, 125 Nev. 818, 824, 221 P.3d 1276, 1280 (2009) (stating that "to prevail on a negligence claim, a plaintiff must establish . . . the existence of a duty of care"); *Bearden v. City of Boulder City*, 89 Nev. 106, 109, 507 P.2d 1034, 1035 (1973) (explaining that gross negligence "is an act or omission respecting legal duty of an aggravated character as distinguished from a mere failure to exercise ordinary care" (internal quotation marks omitted)). And although Snodgrass alleged premises liability as a separate cause of action, premises liability is a subset of negligence that establishes whether a landowner has a duty of care. *See Foster v. Costco Wholesale Corp.*, 128 Nev. 773, 775, 291 P.3d 150, 152 (2012) (concluding that in a negligence cause of action, "a landowner owes a duty of reasonable care to entrants for risks that exist on the landowner's property").

Thus, the dispositive issue is whether Bango Oil, as a landowner with no control over the facility, owes a duty to the employees of its commercial tenant who operated the facility. Although phrased differently in his complaint, Snodgrass essentially alleges that Bango Oil owed a duty to him either by statute (negligence per se) or through its status as a landowner (premises liability).

Snodgrass argues that NRS 459.3829 imposes a duty on an owner and operator of a facility to obtain necessary permits. *See Sanchez*, 125 Nev. at 828, 221 P.3d at 1283 ("A civil statute's violation establishes the duty and breach elements of negligence when the injured party is in the class of persons whom the statute is intended to protect and the injury is of the type against which the statute is intended to protect."). NRS 459.3829(1) states that "[n]o owner *or* operator of a facility may commence construction or operation of any new process that will be subject to regulation . . . unless the owner *or* operator first obtains all appropriate permits . . . ." (Emphases added.) We conclude that the use of the word "or" within 459.3829(1) imposes a duty on either an owner or an operator who is "commenc[ing] construction or operation," but not both. *See* 1A Norman J. Singer & J.D. Shambie Singer, *Sutherland Statutes & Statutory Construction* § 21:14 (7th ed. 2020 update) (stating that "[t]he disjunctive 'or' usually, but not always, separates words or phrases in the alternate relationship, indicating that either of the separated words or phrases may be employed without the other").

There is nothing in the record demonstrating that Bango Oil was involved in the operations of the tenant, and it thus had no duty to secure permits or to monitor whether the tenant had secured any necessary permits. Nor did Bango Oil have a duty as the owner of the property. *See Wright v. Schum*, 105 Nev. 611, 613, 617-18, 781 P.2d 1142, 1143, 1145-46 (1989) (recognizing "that once a lessee [has] taken possession of property, the landlord [is] not subject to liability . . . [to] others coming onto the land, for physical harm caused by a dangerous condition on the premises" unless the landlord undertakes affirmative action to assume a duty owed by the

lessee to the third person (alterations in original) (internal quotation marks omitted)).

In regard to its premises liability claim, Snodgrass argues that Bango Oil owed a statutory duty of care to people working at the facility, including himself. However, Bango Oil had no duty to obtain statutory permits, and Snodgrass has not demonstrated that Bango Oil undertook any affirmative action as the landlord to assume a duty.[1] Accordingly, we conclude that the district court properly granted summary judgment as to Snodgrass's negligence, gross negligence, and premises liability causes of action.[2]

*Summary judgment was appropriate as to Snodgrass's nuisance cause of action*

Snodgrass argues that an injury unrelated to property may give rise to a nuisance cause of action. In support of this proposition, he cites NRS 40.140(1)(a), which provides that a nuisance is "[a]nything which is *injurious to health*, . . . or an obstruction to the free use of property, so as to interfere with the *comfortable enjoyment of life* or property." (Emphases added.))

---

[1]We reject Snodgrass's argument that Bango Oil assumed a duty through the parties' lease agreement. The lease agreement did not require the tenant to construct additional facilities; rather it *permitted* the tenant to do so. Further, it was undisputed that the tenant deviated from the original approved plans for a heat trace system to a steam port injection system, and Snodgrass has failed to demonstrate that Bango Oil knew of this deviation.

[2]Because we conclude that Bango Oil did not have a duty to obtain permits, we do not address Snodgrass's arguments relating to specific permits.

However, a nuisance cause of action is a property tort. *See* 7 Stuart Speiser, Charles Krause & Alfred Gans, *American Law of Torts* § 20:6 (2021 update) (explaining that private nuisance pertains to the invasion of another's "use and enjoyment of his or her land"); Restatement (Second) of Torts § 821E cmt. a (1979) (stating that only an individual who has a property right in the land affected may recover for private nuisance); 58 Am. Jur. 2d *Nuisances* § 33 (2021 update) ("A private nuisance is limited to interference with real property interests. Thus, the concept of a private nuisance does not exist apart from the interest of a landowner." (footnote omitted)). And we have not interpreted NRS 40.140(1) differently, suggesting that an individual who brings a nuisance claim brings it due to interference with the enjoyment of his or her property. *See Land Baron Invs., Inc. v. Bonnie Springs Family Ltd. P'ship*, 131 Nev. 686, 699, 356 P.3d 511, 520 (2015) ("Nuisance arises where one party interferes with another party's use and enjoyment of land . . . ."); *Sowers v. Forest Hills Subdivision*, 129 Nev. 99, 105, 294 P.3d 427, 431 (2013) (analyzing a nuisance as between two landowners, one whose property is a potential nuisance and the other as the neighbor to the potential nuisance). Further, NRS Chapter 40 is titled "Actions and Proceedings in Particular Cases Concerning *Property*." (Emphasis added.)

Here, Snodgrass has not demonstrated that he has an ownership interest in the land where the accident occurred. Thus, we conclude that the district court properly granted summary judgment as to Snodgrass's nuisance cause of action, albeit for the wrong reason.[3] *See Hotel*

---

[3]In granting summary judgment against the nuisance claim, the district court reasoned that the parties' lease agreement delegated nuisance

*Riviera, Inc. v. Torres*, 97 Nev. 399, 403, 632 P.2d 1155, 1158 (1981) ("If a decision below is correct, it will not be disturbed on appeal even though the lower court relied upon wrong reasons.").

*Summary judgment was appropriate as to Snodgrass's civil conspiracy cause of action*

Snodgrass argues that Bango Oil conspired with the tenant to operate the facility without necessary permits. However, as the district court found, Snodgrass has not presented any evidence to demonstrate that Bango Oil and the tenant conspired. *See Consol. Generator-Nev., Inc. v. Cummins Engine Co.*, 114 Nev. 1304, 1311, 971 P.2d 1251, 1256 (1998) (providing that a "civil conspiracy consists of a combination of two or more persons who, by some concerted action, intend to accomplish an unlawful objective for the purpose of harming another, and damage results from the act or acts" (internal quotation marks omitted)). The emails that Snodgrass provided to the district court do not implicate Bango Oil. The emails demonstrate that the sender was acting in his sole capacity as an employee of the tenant and do not demonstrate a conspiracy to operate the facility without permits. Further, we reject Snodgrass's argument that the provisions in the lease agreement compared to the parties' actions show a conspiracy. The contract alone does not demonstrate that Bango Oil conspired with the tenant. Additionally, Snodgrass's argument is

---

responsibility to the tenant and that the explosion did not occur on a recurring basis. However, Snodgrass is a nonparty to the lease agreement, *see EEOC v. Waffle House, Inc.*, 534 U.S. 279, 294 (2002) (declaring that "a contract cannot bind a nonparty"), and neither the district court nor the parties have cited any authority to support the conclusion that a recurrence requirement is necessary for a nuisance action. *Cf.* 58 Am. Jur. 2d *Nuisances* § 33 (2021) ("A private nuisance is not limited to repeated or continuous interference with another's use of land.").

 

speculative and not sufficient to survive summary judgment. *See Wood*, 121 Nev. at 722, 121 P.3d at 1031 (stating that summary judgment cannot be based on mere speculation or conjecture). Thus, we conclude that the district court properly granted summary judgment as to Snodgrass's civil conspiracy cause of action.

*Summary judgment was appropriate as to Snodgrass's abnormally dangerous activity cause of action*

In *Valentine v. Pioneer Chlor Alkali Co.*, 109 Nev. 1107, 1110, 864 P.2d 295, 297 (1993), we adopted a six-factor test for determining whether an activity is abnormally dangerous. Those factors are:

> [1] existence of a high degree of risk of some harm to the person, land or chattels of others; [2] likelihood that the harm that results from it will be great; [3] inability to eliminate the risk by the exercise of reasonable care; [4] extent to which the activity is not a matter of common usage; [5] inappropriateness of the activity to the place where it is carried on; and [6] extent to which its value to the community is outweighed by its dangerous attributes.

*Id.* (citing Restatement (Second) of Torts § 520 (1977)). The district court evaluated the *Valentine* factors in its summary judgment order and determined that the first two factors weighed in favor of Snodgrass, but the third factor favored Bango Oil and outweighed the remaining factors. The district court found "that the accident could have been avoided through the exercise of reasonable care" because "the parties agreed on the record that the cause of the explosion . . . was due to the use of the steam port injection system rather than the use of a heat trace" and that "the explosion would not have occurred" otherwise. On appeal, Snodgrass argues that it was erroneous for the district court to determine that one factor outweighed the remaining factors.

Although the district court did not explicitly address each factor in detail, it is implicit within its order that the remaining three factors did not outweigh the court's decision after weighing the first three factors. The district court's findings are supported by the record, and Snodgrass has not shown how the three remaining factors weigh in his favor. Moreover, Snodgrass has failed to demonstrate, and there is no evidence in the record to show, that Bango Oil was engaging in an abnormally dangerous activity. *See Valentine*, 109 Nev. at 1110, 864 P.2d at 297 (providing that "[o]ne who *carries on* an abnormally dangerous activity" may be liable for the harm that results from that activity (emphasis added) (internal quotation marks omitted)). Thus, we conclude that the district court properly granted summary judgment as to Snodgrass's abnormally dangerous activity cause of action.

*Summary judgment was appropriate as to Snodgrass's punitive damages cause of action*

Lastly, punitive damages is a remedy, not a separate cause of action. *See Teva Parenteral Med., Inc. v. Eighth Judicial Dist. Court*, 137 Nev., Adv. Op. 6, 481 P.3d 1232, 1242 (2021) (noting that a request for punitive damages "derives" from an underlying cause of action); *see also* 22 Am. Jur. 2d *Damages* § 567 (2021 update) ("[A]s a rule, there is no cause of action for punitive damages by itself; a punitive-damage claim is not a separate or independent cause of action." (footnote omitted)). Thus, we conclude that the district court properly granted summary judgment as to Snodgrass's punitive damages cause of action.

For the reasons set forth above, we conclude that the district court did not err in granting summary judgment in favor of Bango Oil as there remain no genuine issues of material fact upon which a rational jury

could have returned a verdict for Snodgrass. *See Wood*, 121 Nev. at 731, 121 P.3d at 1031. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Herndon

cc:  Hon. Kathleen M. Drakulich, District Judge
Laurie A. Yott, Settlement Judge
Lewis Roca Rothgerber Christie LLP/Las Vegas
Bradley Paul Elley
Lewis Brisbois Bisgaard & Smith, LLP/Las Vegas
Lewis Brisbois Bisgaard & Smith/Sacramento
Lemons, Grundy & Eisenberg
Washoe District Court Clerk